THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 7, 2015



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Michael T. Schmaling, and     Case No. 11-32516-beh
Wendy J. Schmaling,

                Debtors.       Chapter 13

## ORDER ON MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT

 The Schmalings filed this case on August 12, 2011. On November 10, 2015, Wilmington Savings Fund Society, FSB filed a motion for relief from the automatic stay and abandonment as to the Schmalings' property located at 3760 124th Street in Pleasant Prairie, Wisconsin. Wilmington properly served the motion on the debtors, debtors' counsel, the trustee, the United States trustee, and all creditors. The deadline to object passed without an objection, so Wilmington filed an affidavit of no objection and submitted a proposed order.

 While granting Wilmington relief from the automatic stay and abandonment as to the subject property is appropriate based on the record, Wilmington's proposed order contains two provisions that cut against one another. Via its proposed order, Wilmington asks that its proof of claim be deemed withdrawn so it no longer has to comply with the requirements of Federal

Rule of Bankruptcy Procedure 3002.1. But Wilmington, as requested in its motion, also wants an award of its attorneys' fees and costs in association with the motion. While withdrawing a proof of claim following a successful motion for relief from stay relieves creditors of the requirements of Rule 3002.1, *see In re Thongta*, 480 B.R. 317, 320 (Bankr. E.D. Wis. 2012), the claim withdrawal prevents the court from awarding creditors their attorneys' fees and costs because it is through the claims allowance process that the bankruptcy estate compensates creditors for attorneys' fees and costs.

Under the "American Rule," prevailing litigants may not recover attorneys' fees from their opponents unless authorized by statute or an enforceable contract between the parties. *In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). The same rationale extends to the recovery of costs, such as filing fees. *Minn. Dept. of Emp't & Econ. Dev. v. Sanderson (In re Sanderson)*, 509 B.R. 206, 212 (Bankr. W.D. Wis. 2014).

Creditors base their requests for attorneys' fees and costs in association with motions for relief from stay on provisions in enforceable contracts— promissory notes and/or mortgages—between themselves and debtors. While these fees and costs are incurred post-petition, they arise out of the parties' pre-petition contracts, and thus, are contingent, unliquidated claims under 11 U.S.C. § 101(5)(A). *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 843 (9th Cir. 2009), *accord Sheridan*, 105 F.3d at 1166–67 (attorneys' fees are part of the debt for purposes of nondischargeability actions under § 523(a)(2)). In other words, on the petition date, a creditor's right to fee payment is contingent upon it actually incurring costs and fees in association with collecting on the debtor's debt. *SNTL Corp.*, 571 F.3d at 843 n.19. Because a creditor's costs and fees in association with a motion for relief from stay are considered pre-petition debts, they may form the basis for an allowed claim under section 502(b). *See Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 451–52 (2007) ("Consistent with our prior statements regarding creditors' entitlements in bankruptcy . . . we generally presume that claims enforceable

under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." (citing to § 502(b))) (internal citation omitted); *SNTL Corp.*, 571 F.3d at 844–45 ("there is no exception within 502(b) which would prevent the collection of attorneys' fees by a creditor who has a valid nonbankruptcy right to do so and neither section 506(b) nor [*United Sav. Ass'n of Tex. v.*] *Timbers* [*of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988)] bars unsecured creditors from asserting a contractual or statutory claim for attorneys' fees", quoting *In re New Power Co.*, 313 B.R. 496, 510 (Bankr. N.D. Ga. 2004)). Thus, timely filed proofs of claim provide the mechanism by which creditors may be compensated by the bankruptcy estate for their attorneys' fees and costs.

This notion is in line with our district's approach to no look fees. This district presumes that $800, not inclusive of the filing fee, is reasonable for creditors' attorneys' fees in association with motions for relief from stay. And the provision approving this "no look fee," which applies in both chapter 7 and chapter 13 cases, is conditioned by the following: "The creditor may *add this fee to its claim*, if the mortgage or other security agreement between the parties so provides." See *No Look Fees*, Wieb.uscourts.gov, *available at* http://www.wieb.uscourts.gov/index.php/court-info/fees (last visited Dec. 3, 2015) (emphasis added). Thus, the "no look fee" contemplates that if creditors' attorneys' fees and costs in association with motions for relief from stay are approved, they will be deemed allowed claims to be paid by the bankruptcy estate. Conversely, without a proof of claim on file, an award of attorneys' fees and costs for a creditor does not appear appropriate.

Compensation by the bankruptcy estate may not be the ultimate reason why a creditor seeks approval of its attorneys' fees and costs in association with a motion for relief from stay. Creditors may perceive a benefit by the preapproval of sums to add to the amounts due under their mortgage notes, a preapproval which could increase the value of their impending state law foreclosure judgments. *See* Wis. Stat. §§ 846.02(1), 846.10. The bankruptcy

court, however, has limited jurisdiction; it does not enforce notes and mortgages, but merely vacates the stay, where appropriate, to permit a creditor to enforce those obligations in state court. *In re Inge*, 158 B.R. 326, 327 (Bankr. E.D.N.Y. 1993). Consequently, approval of a creditor's attorneys' fees and costs where the creditor seeks only to enforce a contractual obligation and will not share in a distribution from the bankruptcy estate seems inappropriate in this forum and best pursued in state court.

Accordingly, the court will use the following approach. Where a creditor has filed a timely proof of claim, attorneys' fees and costs of up to $976 ($800 no look fee + $176 filing fee), assuming those amounts are pled in the ultimately successful motion for relief from stay and there is a basis for them in the note/mortgage, will be approved because the attorneys' fees and costs constitute an "allowed claim" under section 502(b). If more than $976 is requested, then a creditor must provide greater detail from which the court may conclude that the excess amount is reasonable. If the creditor fails to provide that basis, the excess amount will not be approved.

If a creditor does not have a proof of claim on file or proposes withdrawing its proof of claim to be relieved of its responsibilities under Rule 3002.1, its attorneys' fees and costs will not be approved because there is no basis for an allowed claim. Likewise, in no-asset cases under chapter 7, fees and costs will not be approved because there is no claims allowance process.

Therefore,

**IT IS ORDERED** that the motion of Wilmington Savings Fund Society, FSB for relief from the automatic stay as to the Schmalings' property located at 3760 124th Street in Pleasant Prairie, Wisconsin is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion of Wilmington Savings Fund Society, FSB for abandonment is **GRANTED** and entry of this order constitutes abandonment pursuant to 11 U.S.C. section 554(b).

**IT IS FURTHER ORDERED** that Wilmington Savings Fund Society, FSB's proof of claim number 5 is deemed **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Wilmington Savings Fund Society, FSB's request for an award of attorneys' fees and costs in association with its motion is **DENIED**.

**IT IS FURTHER ORDERED** that this order is effective immediately upon its entry.

**It is so ordered.**

# # # # #